Good morning, Your Honors. Catherine Young from the Federal Public Defender's Office for the Appellant Alexander Guerra De Leon. I will try to reserve some of my time for rebuttal. All right. Mr. Guerra De Leon was convicted of illegal reentry. The first issue that I want to focus on, he raises several issues, but unless there are any questions, the first issue I want to focus on is the issue of supervised release, because the year before Mr. Guerra was sentenced, the supervised release statutes were changed to provide that in most cases supervised release is not appropriate for illegal aliens. Mr. Guerra De Leon had 11 prior deportations, but it's important to note in that context that he had no illegal reentry prosecutions. This was his first. He also had a criminal history category of six, but most of those were drug possession or theft offenses, which resulted from his untreated drug addiction. So we contend that in this case, under the new guidelines, supervised release should not have been imposed. And those new guidelines, which were enacted the year before he was sentenced, provide that the Court ordinarily should not impose a term of supervised release in a case in which the defendant is a deportable alien who likely will be deported after imprisonment. The application notes of that statute provide that in a case where the defendant is a deportable alien, the Court ordinarily should not impose a term of supervised release unless such a defendant illegally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to provide adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The Court should, however, consider imposing a term of supervised release on such a defendant if the Court determines it would provide an added measure of deterrence and protection based upon the facts and circumstances of a particular case. Excuse me. Ginsburg. Counsel, in this particular case, the Court did put a lot of its thoughts on the record regarding deterrence and the past history of this defendant. Why wouldn't that be sufficient to meet the requirement that the Court impose supervised release for added deterrence and protection of the public? Why couldn't we read that and say that that was in the thoughts of the district court? No, thank you, Your Honor. In fact, in the brief I addressed that issue because most of the factors that the Court addressed in its sentencing reasons, its reasons for imposing sentence, were reasons that applied only to custodial sentences and not to a supervised release sentence. The government made that argument that the district court did provide reasons. And in the brief, we argue that the Court cited reasons for imposing sentence, but it was clear the Court was addressing the custodial sentence, not the release sentence, because the Court talked about factors that, first of all, the Court said that it wanted a sentence somewhere in the advisory guideline range, but the second that the sentence of supervised release was not within the advisory guideline range. And the Court said this is a serious offense to provide and requires a correspondingly long sentence to promote respect for the law and just punishment, but those are not factors that the Court is required or should consider under the statute or under the guidelines for imposition of supervised release. So the point that we make in the briefs is that the factors that the Court did discuss and the Court, in fact, did include several reasons for imposing sentence relate only to a custodial sentence and not to a supervised release sentence, because it's really important in this context. And the reason, in fact, that the supervised release statute was revised was because supervised release is not supposed to be punitive. It's supposed to be the primary purpose of supervised release is rehabilitation. The defendant is supervised to transition the defendant into the community. Protection of the public is provided through the supervision of the promotion officer. What extent, though, is specific deterrence of the individual defendant an appropriate consideration for supervised release? I'm sorry. Was your question why isn't it? No, isn't it? Isn't deterrence also an appropriate consideration for supervised release? And didn't the judge comment about that? No, absolutely, Your Honor. Deterrence is important, but in the revised supervised release statute, the Court says that you have to say that there's an additional measure of deterrence and protection which is required under the circumstances of this particular case, because in all criminal cases you will have a criminal history, you'll have a crime that requires some deterrence and protection. And they're saying in this case, because the new statute says deterrence and protection are supposed to be provided through supervision, deportable aliens don't get supervision. So the question is, in the case of a deportable alien, the only reason for providing supervised release is basically a punitive purpose. The punished, the sword is hanging over their head that there may be an additional custodial sentence if they return and they have a violation of supervised release. Why isn't a sword hanging over one's head not just punitive, but also deterrence? Well, I think the Court is saying in the new guidelines are saying in most cases that need will be met by the threat of a new sentence for the additional, for the new violation, rather than a supervised release sentence. And they're saying in most cases that's what you do. So you have to find a case that's essentially out of the mine run that requires an additional measure of deterrence and protection. And isn't multiple reentries that case? Well, the reason we claim that it's not in this case is because there were no prior prosecutions. Therefore, we don't have the defendant. The defendant had been deported and reentered and deported and reentered and had never been subject to illegal sanctions. And therefore, he was just reported again. And so he had never had the deterrent measure of an illegal entry prosecution so that we don't know that that would not provide an additional, an essential measure of ---- Counsel, is our review of this issue for abuse of discretion or for plain error? It's for plain error, Your Honor. Okay. And tell me what the plain error is. Well, the plain error is ---- The district court should have read the guidelines and when he saw the guidelines he should have said, oh, my goodness, I can't do this. Because all the qualifiers in there, all of them said ordinarily. That's correct. Ordinarily, ordinarily in the typical case. So what should have told the judge that this was a typical case and that this was plain error to do so? Well, because I think the guidelines say ordinarily. In other words, that's most cases. That's the norm. This guy has a huge record, though. He has a very substantial criminal record. Not a lot of serious stuff. That's correct. But a lot of stuff. And he has a long documented history of reentry to the United States. Even though, as you point out correctly, he wasn't prosecuted on these grounds, on all those cases, we know that when this guy finishes his sentence and is deported that there's a very, very good chance that he's going to find his way back into the United States. I think, Your Honor, our argument would be that this is not the ordinary case. This is the ordinary case. And ordinarily you don't do it. The court would have to find that there are some circumstances that take this case out of the ordinary case. If the court had said everything that it said on the record and then cited the supervised release, the new guidelines, and said because of all the things I've said before, this case is not an ordinary case and I impose supervised release, would that have satisfied the guideline requirement? I think if the court had acknowledged the fact that ordinarily it's not to impose supervised release, and this was a case that was outside the ordinary measure, and that under the – it's required to look at the factors, because that's what the court is required to do in sentencing, procedurally and substantively they have to look at the factors. And if it said under these factors, I find that the additional measure of deterrence and protection is met or is satisfied, then I think that would have satisfied the requirement. So you're asking us to remand for the court to say that? Well, I think it's more than saying it. I don't think the court really reached that issue. I don't think the court addressed either procedurally or substantively the new statute. And that's what I think the court needed to do. So unless there are any further questions, I'll reserve the remainder of my time. Thank you. May it please the Court. My name is James Left of the United States. The first thing that we need to keep in mind when looking at supervised release is that the guidelines are advisory only. The second thing we need to remember is this is a matter of plain error review. And just because the court didn't state its reasons for imposing supervised release does not mean that error took place in this case. Pursuant – Counsel, even though the guidelines are advisory, it's procedural error if the court fails to take account of the guidelines and apply them correctly. Absolutely, Your Honor. That is correct. And that was going to get to my next point. This Court's en moc decision in Carty said that we must presume that the district court judges know the law and their obligation to apply the guidelines. And if we look in this case, the district court was very careful in how it went about coming to its correct sentence. This was a – for a simple case, this was a fairly lengthy sentencing hearing. And the court's statement of reasons in support of the sentence goes on for five pages. And that's in addition to other discussions the court had with the parties in regards to this. And if we look at – it would have been preferable for the court to state its reasons for imposing supervised release. And typically, a sentencing court will articulate the guidelines that are in play and then articulate why or why not that particular guideline is being applied the way it is. That is correct, Your Honor. But if we look at Carty and Blankensop and Collins, the fact that the court did not state its reasons for imposing supervised release is not fatal to the case. What about the fact that the court never even referenced the guideline? Well, Your Honor, if we look at this court's precedent again, if we look to the record as a whole to see that the court considered all of these factors which are present in this case, the reasons that supervised release could be imposed, the statute, the guidelines were all stated in the pre-sentence report, the reasons for imposing supervised release were in the recommendation letter. The government thoroughly discussed that. The factors that could be considered in supervised release, and particularly in this case, the history and characteristics of the defendant, the need for deterrence, the need to protect the public from future crimes of the defendant, these were all thoroughly developed in the record in this case. And based on Carty, Blankensop, and Collins, this court can look to the record as a whole to determine why the court did what it did. And in this case, supervised release was definitely warranted for, among other reasons, as an extra blanket of protection. We do have a defendant with 11 prior deportations, 14 prior convictions over a 25-year period. This is a habitual offender who keeps doing the same things over and over again. The defendant was only given a generous sentence for a term of imprisonment of 24 months. And so, therefore, this extra period of supervised release would hopefully provide an extra level of deterrence for this defendant, where hopefully he won't come back to the United States after he's deported, which is most likely in this case. Did the district court state on the record that it had reviewed the pre-sentence report? Yes, it did, Your Honor. Actually, it didn't use those exact words, but if you look at the transcript, the position papers of the parties, and if you look at all the different factors that the court discussed, it's quite clear that the court read the PSR, read the addendum, and read the recommendation letter, in addition to the parties' position papers, which, unfortunately, the defendant didn't even discuss supervised release at all, but the government did. There was a section of the government's position paper in that respect. And so, we believe that there was no error in this case, but even if the court does find error, there was certainly no prejudice to the defendant. If the court would have stated its reasons for imposing supervised release, we would have had the exact same circumstance in this case. While the guidelines may discourage imposing supervised release for deportable aliens, it was definitely warranted for this individual with 11 prior deportations and 14 prior convictions. It's a habit that goes on over and over and over again, and there were steps needed to break this matter. Unless the court has any more questions on the supervised release issue, I'd just like to briefly touch on the issue in regards to rehabilitation. In this respect, the court did not commit any error either. We have to apply the plain error standard again because the defendant did not object to anything regarding rehabilitation in connection to determining the appropriate sentence. And here, the court did not err at all. It stated its reasons for sentence, going over all the permissible 3553A factors. Discussions of rehabilitation were brief. There were two mentions about drug treatment or rehabilitation. After Tapia, is it error for a district court to mention the word rehabilitation? No, it is not, Your Honor. And as a matter of fact, Tapia says the exact opposite. In addition to that, there are many cases in which a district court will discuss the RDAP program, Residential Drug Abuse Program, and will recommend that. And you would have to allow a court to do that. Otherwise, it would seem to run contrary to the purposes for having that program to begin with for the court to recommend it. It's more of what the government sees as a causal link where rehabilitation or drug treatment is the driving force behind the sentence imposed. And here, we have a couple of brief discussions during the sentencing hearing. And then if you look at the reasons in support of the statement of sentence, there's just a brief clause that mentions rehabilitation. But the court gives an extensive list of reasons under the 3553A factors for imposing the sentence that it did. And so we believe that just this brief mention is not an error. And even if it is, it certainly wasn't prejudicial. Because for error to apply, rehabilitation had to be the reason for the sentence imposed or lengthening it. And I believe nobody here, even the defendant, has argued that a sentence of imprisonment would have not been imposed but for rehabilitation. And also, if the court would have not mentioned rehabilitation at all, not said word one, it's quite clear that the same sentence would have been imposed. This defendant had a very lengthy criminal history, and he received a low-end sentence. Given the facts and circumstances of this case, it strains credibility to believe that the court would have gone further below the guidelines but for the issue of rehabilitation. So that is why the government doesn't believe that this was a reason to reverse the sentence imposed. And also, for the reasons I've been stating, the government also believes the sentence was substantively reasonable. Unless the court has any questions at this time. It appears not. All right. Well, thank you all for your time. And the government requests that the court uphold the sentence that was imposed. Thank you, counsel. Thank you. Ms. Lottle. Thank you, Your Honor. Just very briefly. The prosecutor said that there were steps needed to break the cycle in terms of the need for a sentence of supervised release. But our contention is that since he had never before been prosecuted for illegal reentry, we don't know that the threat of an illegal reentry prosecution wouldn't be sufficient. And therefore, that doesn't take this out of the ordinary case. And then with respect to rehabilitation, it is correct that the court may discuss rehabilitation. Could the deterrence factor of the supervised release have served the purposes of helping to deter the other crimes for which he had been convicted? He had a record of 14 different crimes, DUI and drug possession and so on. Is it possible the supervised release would serve the public's interest in deterring those crimes? Well, he wouldn't actually be on supervised release. So really the threat of supervised release would only be to impose an additional sentence if he reentered. So I don't think that it would serve that purpose of deterrence. But if he reentered and got caught doing something, then there would be the risk of an additional sentence from the violation of supervised release. Yes, but then you would have the possibility of three sentences, the sentence  release. And so it compounds it. It serves an even greater deterrence. But can't that be? Isn't that a legitimate concern of the court, that this guy not only reenters into the United States, but he comes back into the United States and commits all kinds of crimes? Why isn't that an appropriate deterrence? Well, I think that the guidelines are saying ordinarily it's not appropriate because unless you need the added measure. That's in the ordinary case in which the guidelines are not addressing someone who has the criminal history that your client has. The ordinary case may just be somebody who just simply wants to come into the United States and doesn't commit any crimes when they come here. That would be the ordinary case. Your client's a little more complex case. Well, I think, Your Honor, ordinarily you wouldn't have that defendant who comes in here and works and doesn't commit crimes being prosecuted. And so they wouldn't be in the position of having a conviction that would subject them to this statute. So I think most defendants who are subjected to this statute and to the revised requirements of supervised release have a criminal history or have committed an offense. Although some of those offenses are just traffic offenses. You know, they get pulled over for a traffic violation. It's determined that they're here illegally. They get prosecuted for illegal entry. They get sentenced and they get subject to deportation proceedings. Maybe that's the ordinary case. And there's no need for additional deterrent for those folks. Well, I'm not sure. I think that ordinarily the defendants who are prosecuted federally have more of a history than traffic violations. But unless there are any further questions.  Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Simon, Rawlinson, Bybee